UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

FEB 18 2011

FEB 18 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_Micheal J. Parish_

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

_Thomas Dart_
_Salvador Godinez_
_And Cook County_

11 C 1175
Judge Ronald A. Guzman
Magistrate Judge Maria Valdez

_____

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

**CHECK ONE ONLY:**

✓    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

___    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

___    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: Micheal Javon Parish

B. List all aliases: Marcus Whatley

C. Prisoner identification number: K84246

D. Place of present confinement: Lawrence Corr. Center

E. Address: ~~[redacted]~~ → 10930 Lawrence Rd. Sumner, IL 62466

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Thomas Dart
   Title: Cook County Sheriff
   Place of Employment: Cook County of Illinois

B. Defendant: Salvador Godinez
   Title: Executive Director of CCJ and CCDOC
   Place of Employment: Cook County Jail and C.C. DOC

C. Defendant: Cook County
   Title: Cook County of Illinois
   Place of Employment: The State of Illinois

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _I DON'T REMEMBER THE DOCKET ~~number williotor~~ PARISH V. MENDOZA ET AL_

B. Approximate date of filing lawsuit: _JUNE OR JULY OF 2006_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _MICHEAL J. PARISH MARCUS WHATLEY_

D. List all defendants: _C/O MENDOZA AND C/O RICHARD_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _NORTHERN DISTRICT OF ILLINOIS_

F. Name of judge to whom case was assigned: _GUZMAN WAS THE JUDGE I CAN'T REALLY REMEMBER_

G. Basic claim made: _EXCESSIVE FORCE_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _I DROP THE CASE BECAUSE IT WAS TOO TIME CONSUMING_

I. Approximate date of disposition: _SEPTEMBER OR OCTOBER 2006_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: *Micheal Parish v. Cook County Sheriff et al No. 07 CV 4369*

B. Approximate date of filing lawsuit: *June of 2007*

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: *Micheal Parish, Curtis L. Oats, Leila Khoury, Sean Driscoll, Carla Lofton, Roy Cleaves, Lisa Brown, Dan Taylor, Dean Miller, Kevin Sanders, Stacey Clark and Carlotte Watson.*

D. List all defendants: *Sheriff of Cook County and Cook County*

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): *Northern District of Illinois*

F. Name of judge to whom case was assigned: *Kennelly*

G. Basic claim made: *Medication Denial at Cook County*

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): *Case is still pending*

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: MICHEAL PARISH V. CITY of CHICAGO ET. AL., No. 08-cv-3178

B. Approximate date of filing lawsuit: JUNE 1ST 2008

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: MICHEAL PARISH

D. List all defendants: CITY of CHICAGO (I DONT HAVE A COPY OF THE COMPLAINT, MY LAWYER Now HAS it SO I WONT BE ABLE TO TELL YOU All of THERE NAMES

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT OF ILLINOIS

F. Name of judge to whom case was assigned: 

G. Basic claim made: MALICIOUS PROSECUTION

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): It WAS DISMISSED AND APPEALED STILL PENDING NO. 09-1385

I. Approximate date of disposition: I DONT KNOW

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: MICHEAl PARISH v. DAVID FAGUS ET. AL.,

B. Approximate date of filing lawsuit: NOV 20 2009

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: MICHEAl PARISH (MARCUS WHATLEY)

D. List all defendants: DAVID FAGUS, NURSE JANE DOE #1, NURSE JANE DOE #2 AND OFFICER PEEK

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT OF ILLINOIS

F. Name of judge to whom case was assigned: GUZMAN

G. Basic claim made: INADEQUATE MEDICAL CARE AND EXCESSIVE USE OF FORCE

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ~~~~~~ DISMISSED

I. Approximate date of disposition: _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: THOMAS DART ET AL, 10 C 2266

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: MICHEAL PARISH (MARCUS WHATLEY)

D. List all defendants: THOMAS DART, SALVADOR GODINEZ, T. THOMAS, JOHN MUELLER AND SUPT. MILLER

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. DISTRICT COURT NORTHERN DISTRICT

F. Name of judge to whom case was assigned: GUZMAN

G. Basic claim made: DENIAL OF RELIGIOUS SERVICES, DENIAL OF RELIGIOUS DIET AND DENIAL OF RELIGIOUS READING MATERIAL.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CONFIDENTIAL SETTLEMENT

I. Approximate date of disposition: NOVEMBER 5, 2010

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: MICHEAL PARISH V. THOMAS DART EL. AL., CASE NO- 10 C 3190

B. Approximate date of filing lawsuit: 5/14/10

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: MICHEAL J. PARISH

D. List all defendants: THOMAS DART, SALVADOR GODINEZ, DR. GOMEZ, DR. CARRINGTON, DR. MYNATT, DR. STEW, DR. JONES, DR. LUKE, MS. MYERS, C. SMITH, JOHN MUELLER AND COOK COUNTY.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

F. Name of judge to whom case was assigned: RONALD GUZMAN

G. Basic claim made: INADEQUATE MENTAL HEALTH TREATMENT AND RETALIATION FOR FILING 42 U.S.C§ 1983.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): PENDING

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

## PRELIMINARY STATEMENT

This lawsuit arises out of Cook County's failure of failure to provide adequate living conditions to the plaintiff during his detention in Cook County Jail ("CCJ"). The plaintiff was force to mount the top bunk which had no step ladder or ~~safety~~ safety rail to help climb or protect a detainee from falling from the top bunk. The plaintiff was force to mount and dismount by jumping from desk or sink area to the bunk which is 3 to 4 feet from the bunk. And jumping from the bunk or reaching one's leg from the bunk to the desk or sink. Or jump five feet from the bunk to the floor. And as a result of defendants deliberate indifference to the plaintiffs' safety and well being, the plaintiff suffered a serious injury by ~~~~ falling from the top bunk, while trying to dismount from the top bunk. Plaintiff suffered a broken nose, a half inch scar on his nose that required stitches, a damaged rotater cup in his right shoulder and further damage to an old injury in his right elbow, a fracture Plaintiff has suffered intense pain along with mental and emotional distress.

Plaintiff is seeking declaratory, compensatory and injunctive relief from this court against all alleged defendants.

The plaintiff has exhausted all administratives grievance procedure ~~~~ remedies and has written Thomas Dart personally about this complaint.

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

The Plaintiff Micheal J. Parish was a detainee at the Cook County Jail at the time of this alleged incident, and now is a prisoner at Lawrence Corr. Center of Illinois.

Defendant Thomas Dart is the Sheriff of Cook County, in the State of Illinois. Dart is legally responsible for the overall operation of the Cook County Department of Corrections and the Cook County Jail. Dart is ultimately responsible for the welfare of all pretrial detainees incarcerated in the CCJ. Dart is sued individually and in his official capacity. At all times mentioned in this complaint Dart acted under the color of state law.

Defendant Salvador Godinez is the Director of the CCJ. Godinez is responsible for the welfare of all pretrial detainees incarcerated in the CCJ. Godinez is employed by

4                                                                 Revised 9/2007

Cook County. Godinez is legally responsible for the operation of the CCJ's for the CCDOC. Godinez is responsible for the day-to-day operation of the CCJ and for the welfare of all pretrial detainees in the CCJ. Godinez is sued individually and in his official capacity. Godinez is employed by defendant Cook County. At all times mentioned in this complaint Defendant Godinez acted under color of state law.

Defendant Cook County, a municipal corporation in which the Cook County Jail is located. Said corporation having the final ~~responsibility~~ responsibility of the operation of the Cook County Jail and CCDOC which obviously includes (but may not be limited to) the health, security and well being of all pretrial detainees housed in the CCJ. Cook County is sued individually and in it's official capacity. At all times mentioned in this complaint Defendant acted under color of state law.

On 3-22-10 Plaintiff fell from the top bunk while he was attempting to dismount his bunk. This incident took place on the 11 to 7

shift at or in between the hours of 3 or 5 A.M. The Plaintiff was attempting to get out of bed to eat breakfast and get prepared for court. (Their are no step ladders or guard rails to help mount or dismount the top bunk. So the Plaintiff also had to climb to the top bunk by climbing the desk or sink and jumping 3 to 4 ft. to the bunk and the same way with coming down the bunk.). As a result of this fall the Plaintiff shattered his nose, injured his shoulder and elbow. The Plaintiff lost consciousness. When the Plaintiff came to, after gaining consions, his face was filled with blood his shoulder and elbow was in pain. The Plaintiff had recieved a half inch cut across his nose. The Plaintiff informed the tier officer that he had fell from the bunk while attempting to dismount the bunk. Plaintiff was sent to the division's infirmary bandaged, and the sent to Cermak Health Center. The doctor saw him, examined him. The doctor order an X-Ray. The X-Ray revealed that the Plaintiff's nose was broken. The doctor then ordered for the Plaintiff to

→ PLEASE NOTE: THAT Plaintiff had to recieve terry stitches for the wound on his nose by the doctor at Cermak, as well as decongestions and pain med's

go to an out side hospital for farther testing. The doctor also prescribed plaintiff medication. While at Stroger Hospital the plaintiff went through a series of Kat Scans and X Rays. The doctor at Stroger Hospital told plaintiff "your nose is shattered". The doctor then rescheduled the plaintiff for another visit to get his nose fix. The doctor at Stroger also prescribed more medication for pain and antibiotic's. On 3-29-10 the plaintiff was sent back to the hospital in regards to his nose. The plaintiff was told by a Dr. Reid that his nose was push a little to the left side of his face, But it didn't look "too bad" He also told plaintiff that if he wanted to fix it that it would be painful because he had to re-brake the nose and set it correctly. And because of the fact his nose shattered, it would never be the same as it look before. And if he tryed to fix it, that it might come out looking worser. So he shouldn't rush it. The doctor prescribed more pain pills, antibiotic's, nasal spray. The doctor then told the plaintiff to let his nose heal

For four months and if he didn't like the way it looked the he could come back and he'll re set it. He said that he didn't want to rush into it. He also informed the Plaintiff that his elbow was fractured and that there wasn't any bone damage to his shoulder. The Plaintiff informed the doctor that his shoulder was still in pain. At the jail the Plaintiff was seen by doctor in division 10 in May or June of 2010. The Plaintiff continued of trouble breating and difficulties was his shoulder. The doctor examined him and prescribed him more pain pills for his shoulder nasal spray for his and physical therapy for his shoulder. The doctor said that his rotater cup was damaged. During the first 3 months the Plaintiff nose was in extreme pain. His nose continued to bleed and he started having severe head ache. The Plaintiff also to this day have trouble breathing, his nose is always stuff and his shoulder is always in severe pain. As well as his elbow. The Plaintiff also feels depressed and less confident in regards to his nose. The Plaintiff received no physical therapy from Cermak Heath Care Center. Even though he was order to receive physical therapy by a physician. Plaintiffs' shoulder remained in pain. Plaintiff was later transfered to I/Doc without physical therapy.

## LEGAL ARGUMENT

The bunk beds in the cells at the Cook County Jail are unsafe and hazardous, because there is no way to climb to the top bunk or climb down. A detainee has to invent ways to climb up and down from the top bunk. The most common way is to jump from the desk which is about 3 to 4 feet from the bunk which surface is slippery when dry or wet, because of the chrome finish, or either jump from the sink/toilet to the bunk which is also about 3 to 4 feet from the bunk as well. The same is with climbing down from the bunk. A detainee must reach his leg over from the bunk 3 to 4 feet, across to the desk or sink to get down, or otherwise jump from the top bunk straight to the floor, which the plaintiff can't do due to a foot injury he sustained in the Cook County Jail back in July 2004. At all times relevant here to the defendants' knew or should have known that placing bunk beds in the jail that had no step ladder or safety rails pose a major safety hazard to the well being of pretrial detainees housed at CCJ. Each defendant has been previously informed of the unsafe and hazardous living conditions of the Cook County Jail by the U.S. Justice Department Civil Division in July of 2008. In a 98 page report given to the defendants' by the Civil Rights Division of the U.S. Justice Department it stated on page 3 "In particular, we find that inmates confined a CCJ are not adequately protected from harm." On page 73 "CCJ has severe environmental health and safety problems at every level of operation." And despite the defendants taking action to ensure that on every level all safety issues be rooted out they all turnt a blind eye toward installing step letters or safety rails to all bunks despite the known risk factors. Defendants' turnt a blind eye from their responsibilities of protecting the plaintiff from unsafe living conditions. It is the defendants legal responsibility to ensure that all detainees at CCJ be secure from safety hazardous. Defendants' failed to ensure that all bunk beds were safe and risk free without placing detainees' at risk or harm. And as a result of their deliberate indifference the plaintiff suffered physical and emotional injuries in violation of the 14 and 8 amendments of the U.S. Constitution. The actions and omissions of the defendants

was deliberately indifferent to plaintiff's needs and the plaintiff suffered permanent injuries and mental and emotional distress. The Cook County Jail has an obligation to provide conditions of confinement that do not offend the Constitution and take reasonable measures to protect inmates from harm. All defendants knew of this substantial risk of serious harm and disregarded the excessive risk of harm. Plaintiff also was prescribed physical therapy by a Cermak doctor. Cermak doctors never ensured that the plaintiff received physical therapy. The plaintiff was transferred from the Cook Jail to the Department of Correction before he ever receive physical therapy. The defendants' are well aware of Cermak Hospital wrongful denial of medical treatment as well as inadequate delay of medical treatment. The plaintiffs' shoulder remained in pain throughout the remain of his stay at the jail. The plaintiff is currently receiving Piroxicam 20 mg for his shoulder. Plaintiff shoulder is still in pain to this current day. And the condition of his shoulder has got even worse due to the unreasonable delay of medical treatment.

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(A). A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS' RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES (B). A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO INSTALL STEP LADDER AND GUARD RAILS ON ALL BUNK BEDS (C). COMPENSATORY DAMAGES IN THE AMOUNT OF 10,000.00 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _12_ day of _DEC_, 20_10_

_(signature)_
(Signature of plaintiff or plaintiffs)

MICHEAL J. PARISH
(Print name)

K84246
(I.D. Number)

LAWRENCE CORR. CENTER
~~[redacted]~~ 10930 LAWRENCE RD
SUMNER, IL 62466
(Address)

EXHIBIT (A)

Thomas Dart,  4/15/10

I'm writing you in regards to an incident where I fell out of the bunk. Or should I say "from" the top bunk in the cell I was assign to in Division 10. At breakfast time around 3:00 am (or so) I was attempting to get out of the bunk so I could eat and get prepared for court. I fell as I was reaching my leg over to the table which is 3 feet away from the bunk (give or take). As I slip from the table I hit my face on a and shatter my nose. I was sent to Stroger Hospital that day (3/21/10) to be treated for my shatter nose as well as a puncture wound on the top area of my nose.

All of this could've been avoided if their were some way for me (detainees) to climb down from the top bunk other then to place my foot on the table which is slippery when dry or wet. There are no guard

BACK SIDE →

Reil's or Step's on the Bunk Beds in the Cell's. Which is Very Dangerous. The Top Bunk Sit's atlease 4 to 4½ feet in the air attached to the Wall, with no Step's or Guard Reil's, to Prevent This Problem From Happening.

My Relief Request is For Safe Guard Reil's and Steps to be Attached to All Bunks in the Cook County Jail.

Very Truly Yours

Michael Parish

Micheal J Parish
20090006024
P.O. Box 089002
Chgo, IL 60608

THOMAS A KEEL
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 22, 2013

Thomas A Keel

Attached is a copy of my Grievance I Filed in Regards to the Issue.