# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1175 | **DATE** | 2/28/11 |
| **CASE TITLE** | Michael Parish (#K-84246) v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $25.35 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Michael Parish, presently in state custody at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants subjected him to unconstitutional conditions of confinement while he was incarcerated at the Cook County Jail because there was no ladder provided to assist him in climbing into and out of the upper bunk bed in his cell. Plaintiff also appears to claim that Defendants violated his rights by being deliberately indifferent to a serious medical condition.

    The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $25.35. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

    However, Plaintiff must submit an amended complaint. To state a constitutional claim with respect to the lack of a ladder or similar means for upper-bunk inmates, Plaintiff's allegations must indicate that he was incarcerated under conditions posing a "substantial risk of serious harm," and that prison officials had subjective knowledge of the risk, yet consciously disregarded it. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008).
**(CONTINUED)**

    AWL

| STATEMENT (continued) |
|---|

Courts have routinely dismissed similar challenges to the lack of ladders in prisons upon determining that such a condition does not pose a serious risk of harm. *See Robinett v. Corr. Training Facility*, No. C 09-3845 SI (pr), 2010 WL 2867696, at *2 (N.D. Cal. July 20, 2010) (concluding on § 1915A review that a failure to provide a ladder to top bunk inmates does not satisfy objective or subjective prongs of an Eighth Amendment claim); *Brown v. Anderson*, C/A No. 6:09-2632-JFA-WMC, 2010 WL 199692, at *2 (D.S.C. Jan. 13, 2010) (finding no § 1983 deliberate-indifference cause of action for a claim that defendants failed to provide a safe way for plaintiff to get into six-foot high upper bunk); *Jones v. La. Dept. of Public Safety and Corr.*, No. 08-cv-1507, 2009 WL 1310940, *2 (W.D. La. May 11, 2009) (dismissing on § 1915A review a claim for a prisoner injured when his foot slipped on cell bars he had to climb to reach his upper bunk due to there being no ladder because such a condition did not satisfy objective prong of Eighth Amendment test); *Connolly v. County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (absence of ladders for bunk beds did not amount to the deprivation of a minimal civilized measure of life's necessities). As held by these cases, Plaintiff's allegations about the lack of ladders for inmates with upper bunks at the Cook County Jail do not state a sufficiently serious jail condition to support a § 1983 claim.

  Additionally, while it appears Plaintiff may be attempting to state a claim for deliberate indifference to a serious medical condition, he pleads abundant medical care in his complaint, and sues only Cook County Sheriff Tom Dart, and Cook County Department of Corrections Executive Director Salvador Godinez. He does not name any medical personnel at the jail or at Cermak Health Services. Consequently, it would appear that he can not, pursuant to his obligations under Fed. R. Civ. P. 11(a), state a claim for deliberate indifference to a serious medical condition for the injuries he sustained after falling out of his bunk on March 22, 2010. However, to the extent Plaintiff can state such a claim without running afoul of the requirements of Fed. R. Civ. P. 11(a), he is free to submit an amended complaint within thirty days of the date of this order.

  For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.